**UNITED STATES of America, Plaintiff,**

**v.**

**Charles Edward BENNER, Defendant.**

**No. CR 68–85.**

United States District Court
D. Oregon.

June 5, 1968.

Richard C. Helgeson, Asst. U. S. Atty., Sidney I. Lezak, U. S. Atty., District of Oregon, Portland Or., for plaintiff.

William V. Bierek, Portland, Or., for defendant.

## FINDINGS AND OPINION

KILKENNY, District Judge:

Defendant is charged under 26 U.S.C. § 5851 with knowingly, willfully, unlaw-

fully and feloniously possessing a sawed off firearm in violation of 26 U.S.C. § 5821. The facts are not in dispute. Defendant's only defense is that § 5851, as applied to § 5821, violates his Fifth Amendment rights against self-incrimination. He relies on the recent cases of Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968) and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968). In my view, those cases are distinguishable.

Under the provisions of 26 U.S.C. § 5821, it is obligatory on any person who wishes to make a firearm, whether by manufacture or alteration, to declare his intention to the Secretary of the Treasury and provide his fingerprints and photograph prior to the making. Moreover, such person must pay a tax of $200.00 on each firearm so made. Section 5851 declares it unlawful for any person to possess or receive a firearm made in violation of § 5821.

The decision in *Haynes* is restricted to a declaration that § 5851, making it unlawful for any person to possess a firearm not registered under § 5841, violated the Fifth Amendment. Clearly, in order to register the gun under § 5841, the person had to admit that he possessed it unlawfully. Here, defendant is not charged with failure to register the gun. He is charged with a violation of a separate provision of § 5851, making it unlawful to receive or possess an illegally made firearm. Decision on this point was expressly reserved in *Haynes*, 390 U.S. 91, 88 S.Ct. 722. The decisions in *Marchetti* and *Grosso,* in my opinion, have no application to the admitted facts in this case. There, the taxpayers were, in effect, required by the applicable statute to declare that they were engaged in illegal activities. Here, as previously mentioned, defendant is only charged with the act of possessing an unlawfully made gun. Nowhere, does the statute require him to make a declaration which would be incriminatory in nature.

I find that on or about February 3, 1968, in the District of Oregon, that defendant did knowingly, willfully, unlawfully and feloniously possess a firearm, to-wit: a Savage .22 Magnum Rim Fire rifle with 7½ inch barrel, overall length 17¾ inches, but sawed off to pistol grip, no serial number, which had been made in violation of Title 26, § 5821, United States Code; in violation of Title 26, § 5851, United States Code, and that defendant is guilty of the crime as charged in the information.

The foregoing shall serve as my findings and conclusions. The matter is referred to the Probation Department for a pre-sentence report and placed on my sentencing calendar for June 26, 1968, at 10:30 A. M., at which time defendant and his attorney shall appear.